```
                  THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE


                                      :
FRANK ROY,                            :
                                      :   Civil Action No.
       Plaintiff,                     :   18-12777 (RMB/KMW)
                                      :
          v.                          :
                                      :
UPS STORE, et al.,                    :
                                      :
       Defendants.                    :
                                      :
                                      :
FRANK ROY,                            :   Civil Action No.
                                      :   18-12782 (RMB/AMD)
       Plaintiff,                     :
                                      :
          v.                          :
                                      :
CHERRY HILL HOSPITALITY trading as    :
WOOD SPRING SUITES,                   :
                                      :
       Defendant.                     :

                                      :
FRANK ROY,                            :   Civil Action No.
                                      :   18-12778 (RMB/KMW)
       Plaintiff,                     :
                                      :
          v.                          :
                                      :
LORI C. GREENBERG AND ASSOCIATES,     :
                                      :
       Defendants.                    :
                                      :
```

                                                     **MEMORANDUM ORDER**

Plaintiff Frank Roy (the "Plaintiff") has refiled complaints previously filed in case numbers 18-11802, 18-11805, and 18-11803.  In the previous cases, Plaintiff applied for IFP status, and upon screening of the complaints, the Court held that Plaintiff had failed to adequately establish this Court's subject matter jurisdiction.  In the instant suits, perhaps in an attempt to avoid screening of the complaints, Plaintiff has paid the filing fees.  Nonetheless, even when a plaintiff does not seek IFP status, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte*, and may do so at any stage of the litigation.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015).  Moreover, Federal Rule of Civil Procedure 8(a)(1) requires that a complaint must "contain a short and plain statement of the grounds for the court's jurisdiction."  Failure to adequately plead the Court's jurisdiction is grounds for dismissal.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").  The Court cannot determine the basis for exercising subject matter jurisdiction in the above-captioned cases.

If Plaintiff is seeking to bring each of these matters in front of the Court on the basis of diversity of citizenship

pursuant to 28 U.S.C. § 1332, Plaintiff must properly allege the citizenship of each defendant. Pursuant to § 1332, the matter in controversy must be between "citizens of different states" and the citizenship of each party must be alleged specifically. See S. Freedman & Co. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (holding that citizenship is to be alleged "affirmatively and distinctly").[1] The Court notes that for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state where it has been incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332 (c)(1), and the matter in controversy must exceed "the sum or value of $75,000. . . ." Moreover, with respect to natural persons, the Court notes that residency is not tantamount to citizenship. McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006). Finally, while courts "generally accept a party's good faith allegation of the amount in controversy," "where . . . the court challenges the . . . allegations regarding the amount in question, the [party] who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." Columbia Gas Transmission

---

[1] Complete diversity is required. That is, "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (citation omitted).

This Court also has subject matter jurisdiction when a federal question is presented. 28 U.S.C. § 1331. To the extent Plaintiff is alleging a constitutional violation, he must allege that the defendant acted "under color" of state law; 42 U.S.C. § 1983 is the vehicle. "[C]onduct satisfying the state action requirement of the Fourteenth Amendment satisfies [Section 1983's] requirement of action under color of state law." Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 n.18 (1982). "Like the state action requirement of the Fourteenth Amendment, the under color of state law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful."'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)(quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948))). Liability under Section 1983 "attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'" National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (quoting Monroe v. Pape, 365 U.S. 167, 172 (1961)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law

and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988)(quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  "[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State.  It is enough that he is a willful participant in joint action with the State or its agents.  Private persons, jointly engaged with state officials in the challenged action, are acting see [sic] 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966)); see also, Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998).  "[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights."  Tower v. Glover, 467 U.S. 914, 920 (1984) (citing Dennis, 449 U.S. at 27 28).  Plaintiff has failed to allege joint action under color of state law in each action.

**ACCORDINGLY, IT IS HEREBY** on this **16th** day of **August 2018**, **ORDERED** that each Complaint is dismissed without prejudice, but that within thirty (30) days of the date of entry of this Order, Plaintiff shall file amended complaints curing, if possible, the deficiencies identified above; and

IT IS FURTHER **ORDERED** that if Plaintiff fails to file such amended complaints within thirty (30) days of the date of entry of this Order, Plaintiff's complaints in the above-captioned matters will remain dismissed by the Court for lack of subject matter jurisdiction.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge